UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD DANOS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-3240** |
| **BP AMERICA PRODUCTION COMPANY, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendants' motion[1] for summary judgment. Plaintiffs, Richard and Janice Danos (collectively, "plaintiffs") oppose[2] the motion. The Court will grant the motion for the reasons that follow.

### I. BACKGROUND

The instant action is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico. *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *11 (E.D. La. Apr. 1, 2021) (Barbier, J.). These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)." *Id.* During the course of the MDL proceedings, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, which included a Back-End Litigation Option ("BELO") permitting certain class members to sue BP for

---

[1] R. Doc. No. 44.
[2] R. Doc. No. 50.

later-manifested physical conditions. *Id.* at *2. The B3 plaintiffs, by contrast, either opted out of the class action settlement agreement or were excluded from its class definition. *Id.* at *2 n.3.

Judge Barbier subsequently severed the B3 cases from the MDL, to be reallotted among the Sections of this District. *Id.* at *7–8. This action was reallotted to Section I on April 12, 2021.[3] The Court issued a scheduling order setting trial for April 18, 2022.[4] During a January 26, 2022 status conference, the Court then reset the trial date to June 13, 2022, and subsequently issued a new scheduling order for various pretrial deadlines.[5] On March 3, 2022, plaintiffs filed a motion to continue trial and pretrial deadlines.[6]

Plaintiffs allege that Richard Danos did carpentry work on a barge in Port Fourchon, Louisiana following the Deepwater Horizon oil spill, which occurred in 2010.[7] Plaintiffs allege that Richard Danos was exposed to both oil and dispersants every day during May and June 2010.[8] Plaintiffs allege that, as a result of this exposure, Richard Danos suffers from, among other things, difficulty breathing, anxiety, rib and back pain, a pulmonary embolism, anemia, and staphylococcus

---

[3] R. Doc. No. 6.
[4] R. Doc. No. 32.
[5] R. Doc. Nos. 42, 43.
[6] R. Doc. No. 46.
[7] R. Doc. No. 1-2, at 3, 6.
[8] *Id.* at 5.

aureus, which resulted in sepsis.[9] Janice Danos, the wife of Richard Danos, claims loss of consortium due to injuries to her husband.[10]

Defendants argue that they are entitled to summary judgment because plaintiffs have not submitted any expert reports in this matter, and thus cannot meet their burden of proof as to causation.[11] Plaintiffs acknowledge that their expert reports were due on February 8, 2022, and that they have not submitted any such reports.[12] In addition to their opposition, plaintiffs filed an affidavit, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, "to show that additional discovery is necessary to provide evidence for Plaintiffs' experts in preparation of their opinions and reports in this matter."[13] As will be detailed below, plaintiffs provide several reasons as to why they have been delayed in completing the requisite discovery. Plaintiffs do not oppose the motion for summary judgment on any basis other than the issue of discovery delays.

---

[9] *Id.* at 7.
[10] R. Doc. No. 1, at 33 ¶ 153.
[11] R. Doc. No. 44-1, at 6.
[12] R. Doc. No. 50, at 1.
[13] R. Doc. No. 54, at 1.

3

## II. STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the Court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating " 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).

A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible ..., the material may be presented in a form that would not, in itself, be

4

admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

If a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

### III. LAW AND ANALYSIS

B3 plaintiffs have the burden of proving that "the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *In re Oil Spill by Oil Rig "Deepwater Horizon"*, 2021 WL 6053613, at *11; *accord Perkins v. BP Expl. & Prod., Inc.*, No. 17-4476, 2022 WL 972276, at *2 (E.D. La. Mar. 31, 2022) (Milazzo, J.). "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case." *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 722 (5th Cir. 2009) (per curiam) (quoting *Allen v.*

5

*Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). "[E]xpert testimony is thus required to establish causation." *Id.*

The deadline for plaintiffs' expert reports was February 8, 2022,[14] and, to date, plaintiffs have not produced any expert reports. In addition to their opposition memorandum, plaintiffs filed an affidavit, pursuant to Rule 56(d).[15] The opposition and affidavit set forth largely the same explanations regarding plaintiffs' inability to meet the expert report deadline that plaintiffs made in their March 2022 motion to continue trial.[16] Plaintiffs state that "experts have not yet been able to complete reports for Danos, because of the large number of expert reports that they are working on for BP Oil Spill **clean-up workers** that are represented by undersigned counsel."[17] In addition, plaintiffs contend that there are pending discovery matters in other actions in this District, which are relevant to resolution of the instant action and which are contributing to the discovery delays in this action.[18]

However, as defendants noted when opposing plaintiffs' motion to continue trial, plaintiffs' arguments as to discovery delays in other B3 cases pertain only to plaintiffs who worked as BP oil spill response cleanup workers,[19] and Richard Danos was not a BP oil spill response cleanup worker.[20] For instance, plaintiffs raise

---

[14] R. Doc. No. 50, at 1.

[15] R. Doc. No. 54, at 1.

[16] R. Doc. No. 46.

[17] *Id.* (emphasis added).

[18] *See, e.g.*, R. Doc. No. 54, at 1–2.

[19] R. Doc. No. 50, at 6.

[20] R. Doc. No. 52-1. Danos did carpentry work on barges that housed the oil spill cleanup workers. R. Doc. No. 52, at 7 (citing R. Doc. No. 52-2, at 46–48).

6

discovery issues in other pending actions pertaining to the sufficiency of the personal protective equipment issued by BP to oil spill cleanup workers.[21] However, Danos was self-employed, and he stated in his deposition that BP did not supply him with personal protective equipment in connection with his carpentry work.[22] Plaintiffs have not adequately explained why this and other discovery issues pertain to Danos, except insofar as they have affected the overall caseload of counsel and counsel's experts. Thus, the Court sees no reason to defer the resolution of the instant motion, or to take any other action permitted pursuant to Rule 56(d).

Plaintiffs have failed to present a genuine issue of material fact or to present any evidence that would support the fact that Richard Danos's injuries were caused by his alleged exposure to oil and dispersants. Therefore, defendants are entitled to summary judgment. *See, e.g.*, *Perkins*, 2022 WL 972276, at *2 (granting defendants' motion for summary judgment, where B3 plaintiff provided no expert reports supporting causation); *Torres v. BP Expl. & Prod. Inc.*, No. 12-968, 2020 WL 2197919, at *1 & n.3 (E.D. La. May 6, 2020) (Barbier, J.) (granting defendants' motion for summary judgment, where BELO plaintiff provided no expert reports supporting causation); *Baptiste v. BP Expl. & Prod., Inc.*, No. 18-9270, 2020 WL 2063678, at *3 (E.D. La. Apr. 29, 2020) (Feldman, J.) (same); *Banegas v. BP Expl. & Prod., Inc.*, No. 17-7429, 2019 WL 424683, at *2–3 (E.D. La. Feb. 4, 2019) (Vance, J.) (same);

---

[21] R. Doc. No. 54, at 2.
[22] R. Doc. No. 1-2, at 7; R. Doc. No. 52-2, at 60.

*Jarquin v. BP Expl. & Prod. Inc.*, No. 18-9572, 2019 WL 2546928, at *3 (E.D. La. June 20, 2019) (Africk, J.) (same). Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and that plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, April 21, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**